United States District Court
Southern District of Texas
**ENTERED**
November 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Palmer Cravens, LLC, and Estate of Guy Hardy, as authorized by Nora Finley, the sole heir and representative d/b/a Dripping Springs Roofing, *Plaintiffs*, | § § § § § § § | |
| v. | § § | Civil Action M-23-CV-361 |
| Preferred Contractors Insurance Company Risk Retention Group LLC, *Defendant*. | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 28. Pending before the court is Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c). ECF No. 44. The court recommends that the motion be **GRANTED in PART**.

### *1. Background*

Plaintiffs were adversaries in a construction defect dispute in state court. According to Plaintiffs' First Amended Complaint, ECF No. 41 (FAC), the underlying dispute arose out of a project to remove and replace a damaged roof on a building in McAllen, Texas. FAC ¶ 8. Palmer Cravens owned the building and contracted with Ja-Mar Roofing to perform the project. Ja-Mar subcontracted the work to Guy Hardy (now deceased) d/b/a Dripping Springs Roofing, which further subcontracted the work to JO Roofing. *Id.* ¶ 9.

Dripping Springs, which maintained control of the work on the roof, negligently directed the installation. FAC ¶ 10. Dripping Springs' negligence caused damage when water penetrated the roof and leaked into the building. *Id.* In June 2014, Palmer Cravens sued Ja-Mar and Dripping Springs in Hidalgo County state court seeking to recover its damages to the building. *Id.* ¶ 11. Dripping Springs tendered the lawsuit to its insurer, Preferred Contractors Insurance Company Risk Retention Group, LLC (PCIC). *Id.* ¶ 12.

PCIC apparently waffled somewhat in its decision whether to defend Dripping Springs. At one point, after denying coverage altogether, PCIC agreed to defend Dripping Springs pursuant to a reservation of rights. *Id.* ¶ 13. Within about a month, counsel for Dripping Springs filed a Suggestion of Death notifying the state court that Guy Hardy had passed away. *Id.* ¶ 15. Counsel amended the answer and asserted affirmative defenses, but did not meaningfully pursue the case much further. Instead, PCIC again denied coverage and withdrew its defense of Dripping Springs. *Id.* ¶ 16. The state court allowed the lawyer PCIC retained for Dripping Springs to withdraw from the case. *Id.* ¶ 17.

Palmer Cravens' claims against Dripping Springs were severed from those against Ja-Mar, and the Dripping Springs case proceeded to a bench trial. FAC ¶ 18. Dripping Springs was not represented by counsel at trial and the court eventually entered judgment in favor of Palmer Cravens against Dripping Springs for nearly $4 million. *Id.* ¶ 20. Palmer Cravens has sought payment from PCIC for the $1 million limit on its policy with Dripping Springs, which PCIC has refused to pay. *Id.* ¶ 21.

Palmer Cravens now joins with Guy Hardy's estate (the Estate) as plaintiffs against PCIC. Plaintiffs filed suit in the Western District of Texas on April 5, 2022. ECF No. 1. Before the case was transferred to this district, the Western District of Texas

ruled on PCIC's motion for partial summary judgment, ECF No. 12. In his Report and Recommendation, Magistrate Judge Lane found that the state court bench trial was not "fully adversarial." ECF No. 21 at 8. As a result, Judge Lane concluded that PCIC is not bound by the state court judgment against the Estate. *Id.* at 3, 8. Judge Lane noted that the parties were *not* contesting whether Plaintiffs had standing to maintain a coverage action against PCIC. *Id.* at 6 & n.6. District Judge Nowlin adopted Judge Lane's Report and Recommendation, ECF No. 24, and no motion to reconsider the order of adoption has been filed. As a result, Judge Lane's findings and conclusion are law of the case.

The case was transferred to this district on October 20, 2023, and assigned to District Judge Tipton. ECF No. 27. Judge Tipton referred the case to the undersigned magistrate judge for all pretrial purposes on October 23, 2023. ECF No. 28. Plaintiffs amended their complaint on July 12, 2024, ECF No. 41, and PCIC has now moved to dismiss the amended complaint and for judgment on the pleadings. ECF No. 44.

### 2. *Legal Standards*

PCIC argues that Plaintiffs lack constitutional standing to bring suit in this case. Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338; The elements of constitutional standing are that the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338. The party asserting jurisdiction has the burden to prove by

a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020).

PCIC also moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The court may dismiss a claim under Rule 12(c) "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). In analyzing the complaint, courts apply the same standard as for Rule 12(b)(6). *Garza*, 972 F.3d at 727 (quoting *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020)). Courts accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Great Plains Tr. Co.*, 313 F.3d at 312–13 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Courts do not accept conclusory allegations or unwarranted deductions of fact. *Id.* at 313 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

### *3. Analysis*
#### *a. Palmer Cravens' Standing*

PCIC argues that, absent an assignment of rights from Guy Hardy to pursue claims against PCIC, Palmer Cravens' only avenue to sue PCIC directly "rests on its status as a judgment creditor in connection with the Judgment." ECF No. 44 at 14. PCIC explains that an insurer in PCIC's position is only bound by a judgment that is the result of a fully adversarial trial against its insured. *Id.* (citing Judge Lane's Report and Recommendation, ECF No. 21 at 6). According to PCIC, because Judge Lane found that the bench trial in state court was not fully adversarial, PCIC is not bound by the resulting judgment and Palmer Cravens lacks standing to sue. The court disagrees.

4

The court first notes its surprise that this is even an issue. In its summary judgment briefing in the Western District of Texas, PCIC was clear that it was not contesting Palmer Cravens' ability to maintain a coverage action against PCIC. PCIC stated in no uncertain terms that "Palmer is entitled to proceed with a direct action against PCIC." ECF No. 16 at 6. PCIC sought only a determination "that the Final Judgment is not binding in this subsequent coverage suit." *Id.* PCIC concluded with a request that "the parties [be allowed] to proceed to litigate the underlying coverage liability, and damages in this suit." *Id.* at 11. The court could end the analysis there. PCIC has asked the court for relief in specific terms and the parties have gone forward on the basis of that request.

PCIC's arguments to the contrary, Palmer Cravens nevertheless has standing. The insurance policy at issue here contains a no-direct-action clause, which states:

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for "damages" that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance.

ECF No. 44-2 at 23. In considering no-direct-action clauses such as this one, the Fifth Circuit has explained that two rules govern under Texas law. First, the general rule is that a third-party plaintiff (such as Palmer Cravens) may not sue the defendant's insurer (such as PCIC) if the plaintiff has obtained neither a judgment nor an agreement establishing the insured-defendant's liability. *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 312 (5th Cir. 2021). If, however, the plaintiff has obtained a judgment, then the court must look to the language of the no-action clause to determine whether the judgment is of the type that satisfies the no-direct-action rule. *Id.*

There appear to be at least two types of no-action clause—those requiring an actual trial, and those that do not. *Id.* at 311–13. The clause cited above, like the clause under consideration in *Turner v. Cincinnati*, does not state that an actual trial is required. The clause in *Turner* required only an "adjudication," while the one here also does not require a trial but does require a "final judgment." The Fifth Circuit concluded in *Turner v. Cincinnati* that a default judgment constituted an "adjudication" that satisfied the no-action clause. *Id.* at 313. Accordingly, "although the non-adversarial default judgment [did] not bind [the insurance company], . . . the no-direct-action rule is not a bar to [the instant] coverage suit." *Id.* The court sees no material difference between the requirement of an "adjudication" and a "final judgment." PCIC has not explained how the judgment Palmer obtained via the bench trial is not a binding final judgment against Dripping Springs. The court therefore concludes that the no-action clause is satisfied and that Palmer Cravens has standing to bring the coverage litigation against PCIC. Again, PCIC conceded as much when it was before the Western District of Texas.[1]

The court also notes that Nora Finley as the sole heir and executor of Guy Hardy's estate may have authorized Palmer Cravens to bring suit on her behalf. That is the subject of another motion and discovery on that issue is ongoing. ECF Nos. 54, 63. For that additional reason, the court cannot definitively say that Palmer Cravens lacks standing to sue in this case.

---

[1] PCIC also argues on public policy grounds that the court should reject the holdings of the cases that the court has cited. ECF No. 44 at 20–21. The not-quite two pages of briefing on this issue is very brief, indeed. The court will not reject the holdings of the Fifth Circuit Court of Appeals and the Texas Supreme Court at this early stage of the case and without more fulsome briefing on the issue.

### *b. Breach of Contract*

PCIC argues that neither plaintiff may maintain a breach of contract action against it "because there is no duty to indemnify unless and until an enforceable judgment against PCIC's insured occurs." ECF No. 44 at 15 (citing *Comsys Info Tech. Servs. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 190 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The court agrees with the general statement of the law, but not with all the conclusions PCIC draws from it.

As to the Estate, there is no real dispute that the judgment against it is binding and enforceable. PCIC has not cited any cases for the proposition that the judgment Palmer Cravens obtained against the Estate does not establish the Estate's liability to Palmer Cravens. PCIC has thus failed to explain why its duty to indemnify under the policy has not been triggered. This is particularly true, given the allegation, which the court must accept as true for the purposes of the instant motion, that PCIC wrongfully refused to defend Dripping Springs in state court. *See Great American Ins. Co. v. Hamel*, 525 S.W. 3d 655, 662–62 (Tex. 2017) (reiterating the rule that an insurer that wrongfully refuses to defend its insured is barred from collaterally attacking a judgment between the insured and the plaintiff). The no-direct-action rule does not pertain to a suit between the insured and the insurer. *Turner v. Cincinnati*, 9 F.4th at 312 (stating the general rules that apply to third-parties seeking to enforce judgments against a defendant's insurer); *see also* ECF No. 21 at 6 ("under *Turner*, the policy's no-action clause is only relevant to whether a ***third party*** has standing to sue") (emphasis added).

Accepting the allegations of the First Amended Complaint as true, there is an enforceable judgment against Guy Hardy's estate; that judgment constitutes a covered loss under the policy; and PCIC has failed to indemnify the Estate for that loss. The First

7

Amended Complaint states a plausible cause of action for breach of contract by the Estate against PCIC.

The situation is different for Palmer Cravens. Given Judge Lane's ruling on summary judgment, there is currently no judgment that is admissible or enforceable by Palmer Cravens against PCIC. ECF No. 21 at 3, 8. Palmer Cravens argues that it is entitled to enforce the state court judgment against PCIC just as the Estate can. This ignores the no-direct-action rule and the contractual language barring exactly that. The Texas Supreme Court has allowed for third parties in Palmer Cravens' position to go forward against the insurer only on coverage issues. *Hamel*, 525 S.W.3d at 669 (adopting an approach in these circumstances that would allow the insurer the "opportunity to challenge its insured's underlying liability and the resulting damages"). But that is quite different from breach of contract action, which requires a showing that the insurer has failed to perform an obligation under the contract. Palmer does not cite any cases or legal authority for the proposition that it has a ripe breach of contract action absent a judgment that it can enforce against PCIC.

The court agrees with PCIC that Palmer Cravens' breach of contract action is not ripe and should be dismissed without prejudice.

### c. *Insurance Code Claims*

PCIC has moved to dismiss all of Plaintiffs' Insurance Code claims. In Response to the pending motion, Plaintiffs clarify that Palmer Cravens is not bringing any Insurance Code claims.

PCIC next argues that Finley cannot raise Insurance Code claims "inuring to Hardy and/or Dripping Springs Roofing" because they were extinguished upon and do not survive Guy Hardy's death. Plaintiffs do not directly respond to PCIC's argument and do not assert that Finley can bring Insurance Code claims on behalf of Hardy that accrued before his death. Plaintiffs'

8

lack of response is taken as a lack of opposition. S.D. Tex. L.R. 7.4 (lack of response is deemed non-opposition). Accordingly, the court recommends that any Insurance Code claims that Finley attempts to bring on behalf of Hardy be dismissed with prejudice.

Plaintiffs explain that Finley is seeking to bring claims under the Insurance Code in her own right "based on conduct that was directed at her." ECF No. 47 at 18. PCIC does not respond to this argument. Accordingly, PCIC's motion to dismiss any Insurance Code claims that Finley has brought on her own behalf based on conduct directed toward her should be denied.

### d. Estoppel

PCIC argues that Palmer Cravens lacks standing to assert a theory of estoppel. This issue has been given very little attention in the briefing. Moreover, it appears to be an issue much better suited to review at the summary judgment stage with a more fulsome legal and factual record. The motion on this issue should be denied without prejudice to re-urging on summary judgment.

### 4. Conclusion

For the foregoing reasons, the court recommends that Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c), ECF No. 44, be **GRANTED in PART**.

Palmer Cravens' breach of contract claims should be **DISMISSED without prejudice**, and Plaintiffs' Insurance Code claims brought on behalf of Guy Hardy and accruing before his death should be **DISMISSED with prejudice**. The motion should be **DENIED** in all other respects.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 5, 2024.

_____
Peter Bray
United States Magistrate Judge