United States District Court
Southern District of Texas
**ENTERED**
December 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PALMER CRAVENS, LLC AND ESTATE OF GUY HARDY, AS AUTHORIZED BY NORA FINLEY, THE SOLE HEIR AND REPRESENTATIVE D/B/A DRIPPING SPRINGS ROOFING, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:23-CV-00361 |
| PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP LLC | § § § § § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the November 5, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 64). Judge Bray made findings and conclusions and recommended that Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c), (Dkt. No. 44), be granted in part, (Dkt. No. 64 at 1, 9). Specifically, the M&R recommends that Palmer Cravens' breach of contract action, (*see* Dkt. No. 41 at 6–7), be dismissed without prejudice because it is not ripe, (Dkt. No. 64 at 8); given previous rulings in this case, "there is currently no judgment that is admissible

or enforceable by Palmer Cravens against PCIC," (*id.*) (citing Dkt. No. 21 at 3, 8).[1]  The M&R also recommends that Plaintiffs' Insurance Code claims brought on behalf of Guy Hardy[2] and accruing before his death, (*see* Dkt. No. 41 at 7–8), should be dismissed with prejudice because Plaintiffs have not opposed Defendant's Motion with respect to those claims, (Dkt. No. 64 at 8–9).[3]  The M&R recommends denying Defendant's Motion in all other respects.  (*Id.* at 9).

The Parties were provided proper notice and the opportunity to object to the M&R.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  On November 18, 2024, Plaintiffs filed two objections.  (Dkt. No. 65).  First, they object to the finding and recommendation that "'Palmer Cravens' breach of contract action is not ripe and should be dismissed without prejudice.'"  (*Id.* at 1–4) (quoting Dkt. No. 64 at 8).  Second, Plaintiffs "object to the finding and recommendation that 'any Insurance Code claims that [Plaintiff Nora] Finley attempts to bring on behalf of [Guy] Hardy be dismissed with prejudice' to the extent it

---

[1] As the M&R explains: Previously, "Magistrate Judge Lane found that the state court bench trial was not 'fully adversarial.'"  (*Id.* at 3) (quoting Dkt. No. 21 at 8).  District Judge Nowlin adopted Judge Lane's Report and Recommendation, (*id.*) (citing Dkt. No. 24), and no Party filed a motion to reconsider Judge Nowlin's order of adoption, (*id.*).  "As a result, Judge Lane's findings and conclusion are law of the case."  (*Id.*).

[2] To clarify the relationships among the entities on the Plaintiffs' side of the case: Palmer Cravens contracted with Ja-Mar Roofing to replace the roof of a building Palmer Cravens owned.  (*Id.* at 3).  Ja-Mar Roofing subcontracted the work to Guy Hardy (deceased), doing business as Dripping Springs Roofing, which is alleged to have negligently installed the roof.  (*Id.* at 1, 3).  Guy Hardy passed away during litigation over the roof installation.  (*Id.* at 3–4).  Nora Finley is the sole heir and representative of Guy Hardy's Estate and, consequently, a Plaintiff in this case along with Palmer Cravens (collectively, "Plaintiffs").  (*Id.* at 1–2).

[3] The M&R distinguishes Plaintiffs' Insurance Claims brought on behalf of Guy Hardy from the Insurance Code claims brought by Plaintiff Nora Finley "in her own right 'based on conduct that was directed at her.'"  (*Id.* at 9) (quoting Dkt. No. 47 at 18).  It recommends denying Defendant's Motion to dismiss the latter claims.  (*Id.*).

2

is intended to address claims of the Estate that may have accrued after Mr. Hardy's death." (*Id.* at 1–2, 4) (quoting Dkt. No. 64 at 9).

On November 19, 2024, Defendant filed four objections. (Dkt. No. 66). First, Defendant objects to the finding that Palmer Cravens has standing to pursue its asserted causes of action, including its claims for declaratory relief. (*Id.* at 1–4). On this point, Defendant objects to the M&R's application of *Turner*,[4] arguing that it violates the Texas *Hamel*[5] and *Gandy*[6] precedents. (*Id.* at 3). Defendant additionally argues that Palmer Craven's injury at this point is merely "hypothetical and conjectural, incapable of forming the basis for Article III standing in this action" because Judge Lane found that the bench trial was not fully adversarial. (*Id.* at 3–5). Second, based on its argument that there is no enforceable judgment, Defendant contends that Plaintiff Nora Finley's breach of contract claim is premature. (*Id.* at 1, 4–5). Third, Defendant objects to the M&R's recommendation that Plaintiff Nora Finley "be permitted to proceed with Insurance Code claims 'brought on her own behalf based on conduct directed toward her.'" (*Id.* at 1, 5–6) (quoting Dkt. No. 64 at 9). Defendant argues Plaintiff Nora Finley cannot assert any Insurance Code claims against Defendant for conduct directed at her because "in her individual capacity," she "is not a plaintiff in this lawsuit." (*Id.* at 6). Fourth, Defendant objects to the recommendation that Defendant's "challenge to Plaintiffs' estoppel claim is better suited for review at the summary judgment stage" on two grounds: (1) Palmer

---

[4]  *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 313 (5th Cir. 2021).
[5]  *Great Am. Ins. Co. v. Hamel*, 525 S.W.3d 655 (Tex. 2017).
[6]  *State Farm Fire and Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996).

3

Craven cannot bring the claim because it was not the insured party, and (2) there is no enforceable judgment upon which the Estate can base its claim. (*Id.* at 1, 6–7).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the Court's opinion. To clarify Judge Bray's M&R regarding Plaintiffs' second objection, the Court notes that the M&R acknowledges that Plaintiff Nora Finley cannot pursue Insurance Code claims extinguished upon Guy Hardy's death but confirms her ability to assert claims she holds in her own right. (Dkt. No. 64 at 8–9). Additionally, the M&R does not dismiss the Estate's claims that accrued after Guy Hardy's death. (*Id.*). Therefore, with respect to Plaintiff's second objection, the M&R provides the relief Plaintiffs seek.

It is therefore ordered that:

(1) Magistrate Judge Bray's M&R, (Dkt. No. 64), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2) Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c), (Dkt. No.

4

44), is **GRANTED IN PART**. Specifically,

a. Palmer Cravens' breach of contract claims are **DISMISSED without prejudice**;

b. Plaintiffs' Insurance Code claims brought on behalf of Guy Hardy and accruing before his death are **DISMISSED with prejudice**; and

c. Defendant's Motion, (Dkt. No. 44), in all other respects is **DENIED**.

It is SO ORDERED.

Signed on December 16, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**